IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOHAN LOPEZ-BUCH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-394-KC |
| § | |
| WARDEN, ERO EL PASO CAMP § | |
| EAST MONTANA et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Johan Lopez-Buch's Petition for a Writ of Habeas Corpus, ECF No. 1. Lopez-Buch is currently detained at the ERO El Paso Camp East Montana detention facility in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 5, 27–41.

Lopez-Buch entered the United States in 2021, and upon entry, Immigration and Customs Enforcement ("ICE") apprehended Lopez-Buch and released him. Pet. Ex. A ("NTA"), ECF No. 1. ICE detained Lopez-Buch again on August 28, 2025. Pet. ¶¶ 2, 23. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Lopez-Buch's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Lopez-Buch's case warrant a different outcome." *Id.*

Respondents state that "[t]he primary issue raised by [Lopez-Buch], namely that his detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeals (BIA) decision in *Hurtado* is unlawful, was rejected by the Fifth Circuit" in *Buenrostro-Mendez v. Bondi*, --- F.4th

----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 2, ECF No. 3.  Respondents argue that "[t]he *Buenrostro* decision is binding precent and requires that the Court deny this habeas petition."  *Id.* at 1.

Lopez-Buch argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 27–41.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Lopez-Buch's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Lopez-Buch's statutory claim.

However, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10.  And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion."  *Id.* at *10.  Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance.[1]  *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025).  Indeed, the Government's counsel stated it bluntly during oral argument:  "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here."  Oral Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

---

[1] *Buenrostro-Mendez* was consolidated with another case on appeal.  *Buenrostro-Mendez*, 2026 WL 323330, at *3.  In that case, too, the district court declined to reach the due process claim, granting the petition solely on statutory grounds.  *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *5 n.3 (S.D. Tex. Oct. 8, 2025).

As this Court has previously stated, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process." *Marceau v. Noem*, No. 3:26-cv-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026).  At least one other district court in the Fifth Circuit has held the same, granting an immigration detainee's habeas claim days after the decision in *Buenrostro-Mendez*.  *See* Order, *Hassen v. Noem*, No. 3:26-cv-48-DB, at *4 n.1 (W.D. Tex. Feb. 9, 2026), ECF No. 8 ("*Buenrostro-Mendez* does not change this case's outcome on procedural due process grounds.").

Respondents, however, argue that Lopez-Buch's due process claim "should likewise be denied."  Resp. 9.  This is so, Respondents argue, because "the Fifth Circuit in *Buenrostro* found that *Zadvydas v. Davis* did not apply to detained aliens who received or were receiving due process through removal proceedings."  *Id.* at 10 (citing *Buenrostro-Mendez*, 2026 WL 323330, at *9).  In support of this argument, Respondents also cite to several non-controlling district court decisions, in which due process claims were dismissed prior to *Buenrostro-Mendez*.  *See id.* (collecting cases).

Respondents' argument relies on the following language in the penultimate paragraph of the *Buenrostro-Mendez* decision:  "The petitioners' fears about potential abuse of detention pending removal proceedings under Section 1225b2A are wholly speculative.  In any event, *Zadvydas v. Davis*, 533 U.S. 678, 678 (2001), has no direct application to aliens who are detained and being given due process during removal proceedings."  *Buenrostro-Mendez*, 2026 WL 323330, at *9 (citation omitted).

In *Zadvydas*, the Supreme Court considered a challenge to the statute that permits the Government to detain aliens who are subject to final orders of removal.  *Zadvydas*, 533 U.S. at

3

682.  The Court held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem."  *Id.* at 699.  *Zadvydas*, by its very terms, squarely applies to post-removal-period detention.  *See id.*  But it "has no direct application" to people who are detained pending removal proceedings.  *See Buenrostro-Mendez*, 2026 WL 323330, at *9.  And the constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude.  *See Zadvydas*, 533 U.S. at 697.  The Fifth Circuit's reiteration of *Zadvydas*' general inapplicability to pre-final-removal-order-detention is not a ruling on the viability of any and all due process challenges to that detention.  And this aside does not change the fact that the Fifth Circuit only decided the statutory question and did not adjudicate the petitioners' due process claims.

Moreover, this Court's many immigration habeas decisions finding due process violations have been based on the *Mathews v. Eldridge* test and principles of procedural due process, not on *Zadvydas*.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 685–87.  Thus, *Buenrostro-Mendez* does not preclude Lopez-Buch's procedural due process claim.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–15, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago*, 2025 WL 2792588, at *1–14; *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because

Respondents have not identified any material differences between Lopez-Buch's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Lopez-Buch's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

As to Lopez-Buch's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. In *Lopez-Arevelo*, the Court found that the appropriate remedy for a procedural due process violation was to require a bond hearing at which the government bears the burden of proving by clear and convincing evidence that the detainee poses a danger or flight risk. *Lopez-Arevelo*, 801 F. Supp. 3d at 687 (collecting cases). The Court reached this conclusion, not because the statute requires a bond hearing, but because the petitioner's due process rights "[were] violated because he [was] detained without a bond hearing that accords with due process." *Id.* And this Court has further explained that, in ordering the Government to provide an immigration habeas petitioner with a bond hearing, it "provides Respondents a final opportunity to give [the petitioner] the process to which he is entitled under the Constitution." *Lala Barros*, 2025 WL 3154059, at *5 n.1. "If they do so, then there is no longer a violation." *Id.* But if the Government elects not to provide such a hearing, the petitioner must be immediately released. *Id.*

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Lopez-Buch's Petition is **GRANTED IN PART** on procedural due process grounds.

---

[2] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

5

The Court **ORDERS** that, <u>on or before February 25, 2026</u>, Respondents shall either: (1) provide Lopez-Buch with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Lopez-Buch's continued detention; or (2) release Lopez-Buch from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before February 25, 2026</u>, Respondents shall **FILE** notice informing the Court whether Lopez-Buch has been released from custody. If Lopez-Buch has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Lopez-Buch is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the February 25, 2026, deadlines**</u>.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED** this 18th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE